UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RONALD HUGH HUTTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:24-CV-198-CEA-JEM |
| | ) |
| U.S. DEPARTMENT OF VETERANS AFFAIRS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER AND REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Application to Proceed in Forma Pauperis with Supporting Documentation ("Application") [Doc. 1] and his Complaint [Doc. 2].

For the reasons more fully stated below, the Court **GRANTS** his Application [**Doc. 1**] and will therefore allow Plaintiff to file his Complaint without the payment of costs. The undersigned **RECOMMENDS** that the District Judge **DISMISS** the Complaint [Doc. 2].

**I.    DETERMINATION ABOUT THE FILING FEE**

Plaintiff has filed an Application [Doc. 1] with the required detailing of his financial condition. Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The Court's review of an application to proceed without paying the administrative costs of the lawsuit is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262–63 (6th Cir. 1990) (observing that "the filing of a complaint is conditioned solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter"). To proceed without paying the administrative costs, the plaintiff must

show by affidavit the inability to pay court fees and costs—it is a threshold requirement. 28 U.S.C. § 1915(a)(1). One need not be absolutely destitute, however, to enjoy the benefit of proceeding in the manner of a pauper, or in forma pauperis. *Adkins v. E. I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 342 (1948). An affidavit to proceed without paying the administrative costs is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id*. at 339.

The Court finds the Application is sufficient to demonstrate that Plaintiff has little income and many liabilities. Considering Plaintiff's Application, it appears to the Court that his economic status is such that he cannot afford to pay for the costs of litigation and still pay for the necessities of life.[1] The Court will allow Plaintiff to proceed in the manner of a pauper. The Court **DIRECTS** the Clerk to file the Complaint in this case without payment of costs or fees. The Clerk **SHALL NOT**, however, issue process at this time.

## II.    RECOMMENDATION AFTER SCREENING THE COMPLAINT

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen complaints. 28 U.S.C. § 1915.[2] To accomplish this end, the Court must evaluate the litigant's

---

[1]    Plaintiff states that he is not currently employed [Doc. 1 p. 2]. Yet, in his Complaint, he states that he currently has a "traveling sales job" [Doc. 2 p. 7]. The undersigned will credit his statements in his Application given that Plaintiff signed it under "penalty of perjury" [Doc. 1 p. 10]. The Court also notes that the Middle District of North Carolina has recently granted Plaintiff's in forma pauperis motions. *See, e.g.*, *Hutton v. U.S. Dep't of Veterans Affs.*, No. 1:23CV928, 2023 WL 8604455, at *4 (M.D.N.C. Oct. 31, 2023), *report and recommendation adopted*, No. 1:23-CV-928, 2023 WL 8602888 (M.D.N.C. Dec. 12, 2023); *Hutton v. U.S. Dep't of Veterans Affs.*, No. 1:23CV414, 2023 WL 5016134, at *3 (M.D.N.C. June 2, 2023), *report and recommendation adopted*, No. 1:23CV414 [Doc. 10] (M.D.N.C. Oct. 19, 2023).

[2]    Despite the reference to prisoners, 28 U.S.C. § 1915 requires the Court to screen complaints filed by non-prisoners seeking in forma pauperis status *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to

indigence, but notwithstanding indigence, a court must dismiss a matter under 28 U.S.C. § 1915(e)(2)(B) if [it] determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To survive an initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v Twombly*, 550 U.S.544, 570 (2007)).

Specifically, under Rule 8(a) of the Federal Rules of Civil Procedure, a pleading must provide:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleading is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)–(3). Otherwise, the complaint is subject to dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### A.   Summary of the Complaint

Plaintiff brings this Complaint pursuant to 42 U.S.C. § 1983, the Universal Declaration of Human Rights ("UDHR"), the First Amendment to the United States Constitution, and the Declaration of Independence [Doc. 2 p. 1]. He names the United States Department of Veterans Affairs ("VA"), approximately twenty-four individuals, and the WRAL news station personnel as

---

screening process required by § 1915A. The district court, however, must still screen the complaint under § 1915(e)(2)."), *overruled on other grounds*, *Jones v. Brock*, 549 U.S. 199 (2007).

Defendants [*Id*. at 4]. With respect to the VA, he alleges that in 1988, it "classified him as a mentally disabled veteran" but that "'label' may not be applicable in the present[-]day context" [*Id*. at 5].

The individual Defendants appear to be Plaintiff's former landlords and their wives [*Id*. at 8]. Plaintiff asserts have conspired against him in various ways because of Plaintiff's decision to move from his apartment in 2010 [*Id*. at 2–28]. Because he moved from his apartment, the landlords were penalized monetarily [*Id*. at 8]. They are "trying to make [Plaintiff] have to move back into the apartment unit that they own in Mebane, starting by hacking [his] email[] and finding out where [he] move[d] to with [his] traveling sales job" [*Id*. at 10]. They describe him "in a derogatory context" [*Id*. at 11]. Further, personnel of the WRAL news station assisted with the former landlords' and wives' attempts to make Plaintiff move back into his apartment [*Id*.]. To aid this effort, WRAL news investigators filmed him [*Id*. at 17]. In terms of relief, he states:

> 1. I request please that an injunction be enacted on the former landlords, the former landlords' business affiliates, and the personnel specified from WRAL News Station. That is in reference to these aforementioned parties' presumed slander of my reputation. I ask that the injunction include that they be restricted from camera and audio access to my activities. If an injunction altogether is not possible, then I ask that the aforementioned conspirators please at least be prevented from seeing me and hearing me by way of the speculated film footage from WRAL's alleged follow up investigation of me. I ask please that WRAL News presumed current day investigation of me, please be considered as unauthorized, and for WRAL to no longer be permitted to investigate me at all.
>
> 2. I ask that the speculated infer - insults, originated by the former landlords and their business affiliates, and relayed through some of the locals, please be considered to be harassment and is an included slanderous activity that is banned in the injunction.
>
> 3. If there ever is an investigation conducted on me by any news station in the future, in connection with a legal proceeding that I file, I ask the same, that the speculated aforementioned conspirators, including WRAL personnel, please not be permitted to see me nor hear me by

4

    way of investigative cameras of the news station that is local to my vicinity.

4.  In addition, if there is ever an investigation conducted on me in the future by a news station, I ask please that any single woman my age who is mutually romantically interested in me, please not be able to view me nor hear me by way of investigative cameras. I realize this might not be feasible but it is just a request.

5.  I ask please that the former landlords, the former landlords' business affiliates, and the WRAL News Station personnel please be asked the questions that I have included on the attached sheets entitled, "Polygraph Questions" while they are being subjected to a polygraph.[3]

6.  I ask please that all information about me in the U. S. Department of Veterans Affairs' database please be deleted, if that is possible. In reference to the attached supplement "Complaint, Section 4," I request please that the "label" as described on the first page please be removed.

[*Id*. at 29].

  **B.** **Screening of the Complaint**

Plaintiff has named approximately twenty-four individuals in his Complaint—none of whom reside in Tennessee [*See* Doc. 2 p. 4; Doc. 7 p. 2]. "When conducting a screening pursuant to 28 U.S.C. § 1915(e)(2), it is appropriate for the Court to consider whether it has personal jurisdiction over the defendants in the action and whether venue is proper." *Smith v. White*, No. 121CV00190, 2022 WL 2708762, at *1 (E.D. Tenn. June 21, 2022) (citations omitted), *report and recommendation adopted*, No. 1:21-CV-190, 2022 WL 2706157 (E.D. Tenn. July 12, 2022)). Further, as part of the screening process, "a court may dismiss an action without prejudice if it has no personal jurisdiction over the defendant." *Id*. (citation omitted). "A plaintiff bears the burden of establishing that a court may properly exercise jurisdiction over a defendant." *Bulso v. O'Shea*,

---

[3]  Plaintiff attached his polygraph questions to his Complaint as an exhibit [Doc. 2-1].

730 F. App'x 347, 349 (6th Cir. 2018) (citation omitted). To assert personal jurisdiction, "a defendant generally must have certain 'minimum contacts' with the forum state." *Id*. (quoting *Walden v. Fiore*, 571 U.S. 277, 283 (2014)). Exercising personal jurisdiction over a defendant must comport with due process. *Id*. As the United States Sixth Circuit Court of Appeals has explained:

> To satisfy due process, the plaintiff must show that (1) the defendants purposefully availed themselves of the privilege of acting in the forum state, (2) the cause of action arises from the defendants' activities in the forum state, and (3) the defendants' acts or consequences "have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant[s] reasonable."

*Id*. (quoting *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 680 (6th Cir. 2012)) (alteration in original).

Plaintiff's allegations fall short of establishing that the Court may exercise personal jurisdiction over the individual Defendants. Indeed, there are no allegations that the individual Defendants purposefully availed themselves of the privilege of acting in Tennessee, that the cause of action arises from Defendants' activities in Tennessee, or that the individual Defendants' acts or consequences have a substantial connection to Tennessee to make the exercise of jurisdiction over them reasonable. It appears to the undersigned that most, if not all, of the individual Defendants' actions occurred in Mebane, North Carolina.[4]

---

[4] "When a plaintiff seeking IFP status files a complaint lacking any allegations supporting personal jurisdiction over the defendants, a district court may dismiss the case sua sponte or, in the alternative, find that the action should be transferred to a district where personal jurisdiction might exist." *Jackson v. Rosenburg*, No. CV 19-2329, 2019 WL 6702702, at *2 (D. Minn. Oct. 25, 2019) (citations omitted), *report and recommendation adopted*, No. CV 19-2329, 2019 WL 6698427 (D. Minn. Dec. 6, 2019). The undersigned recommends dismissal sua sponte given that the Middle District of North Carolina has repeatedly dismissed his complaints alleging similar matters and because his allegations fail state a claim [*See infra* p. 10].

6

But even if the Court did have personal jurisdiction over the individual Defendants, Plaintiff's claims fail for several reasons. Turning to 42 U.S.C. § 1983, it allows a plaintiff to seek redress from state actors for "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983; *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To state a claim under § 1983, a plaintiff must allege (1) a deprivation of rights secured by the "Constitution and laws" of the United States and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

"Here, Plaintiff Hutton has failed to plausibly allege a violation of any of his Constitutional rights or a right secured under federal law that was committed by a person acting under color of state law. His allegations are also speculative and conclusory as to any harm he suffered." *Hutton v. U.S. Dep't of Veterans Affs.*, No. 1:23CV414, 2023 WL 5016134, at *2 (M.D.N.C. June 2, 2023), *report and recommendation adopted*, No. 1:23CV414 [Doc. 10] (M.D.N.C. Oct. 19, 2023).[5] And further, "to the extent Plaintiff asserts claims against private individuals, including the former landlords and the landlords' business affiliates and local news employees, those individuals and organizations are not subject to suit under 42 U.S.C. § 1983 for alleged constitutional violations because there is no basis to conclude that they were acting under color of state law." *Id.* at *3; *see also Mackey v. Rising*, 106 F.4th 552, 558 (6th Cir. 2024) (explaining that the text of § 1983 "does not reach a *private* defendant's actions" (citation omitted)). And the VA is not a state actor. *Rooks v. Fritz*, No. CV 19-2200, 2019 WL 7584246, at *1, n.1 (C.D. Cal. Nov. 26, 2019) ("However, § 1983 applies only to state action, whereas [the p]laintiff sues a federal agency (the Department

---

[5]  Plaintiff references the First Amendment to the Constitution but does not allege any violations thereof [*See* Doc. 2]. But even if he did make such allegations against the individual Defendants, "the First Amendment still does not reach a *private* party's efforts to stifle speech." *Mackey v. Rising*, 106 F.4th 552, 558 (6th Cir. 2024) (citation omitted).

7

of Veterans Affairs), and no state actors."), *report and recommendation adopted*, No. CV 19-2200, 2020 WL 227894 (C.D. Cal. Jan. 14, 2020); *see also Anderson v. Drug Enf't Admin.*, No. 220CV02071, 2020 WL 4577708, at *2 (W.D. Tenn. July 23, 2020) ("If action is taken under color of federal, and not state law, no action under § 1983 can be sustained." (citation omitted)), *report and recommendation adopted*, No. 220CV02071, 2020 WL 4569938 (W.D. Tenn. Aug. 7, 2020).[6]

Plaintiff also alleges violations of the UDHR [Doc. 2 p. 1]. As several courts have explained, "the UDHR 'is simply a statement of principles and not a treaty or international agreement that would impose legal obligations on the United States or its citizens.'" *Hutton v. U.S. Dep't of Veterans Affs.*, No. 1:23CV928, 2023 WL 8604455, at *2 (M.D.N.C. Oct. 31, 2023) (quoting *Nix v. NASA Fed. Credit Union*, 200 F. Supp. 3d 578, 590 (D. Md. 2016)), *report and recommendation adopted*, No. 1:23-CV-928, 2023 WL 8602888 (M.D.N.C. Dec. 12, 2023); *see also Umbarger v. Michigan*, No. 1:12-CV-603, 2013 WL 5538766, at *4 (W.D. Mich. Oct. 8, 2013) ("[T]here is no cause of action in federal court under the Universal Declaration of Human Rights[.]" (citations omitted)). Similarly, "[t]here is no private right of action to enforce the Declaration of Independence." *Umbarger*, 2013 WL 5538766, at *4 (quoting *Black v. Simpson*, No. 3:07CV–P354, 2008 WL 544458, at * 2 (W.D. Ky. Feb. 27, 2008)).

---

[6] The federal counterpart to a § 1983 claim is a *Bivens* claim. *Vector Rsch., Inc. v. Howard & Howard Att'ys P.C.*, 76 F.3d 692, 698 (6th Cir. 1996) (explaining that when "'a federal agent acting under color of his authority' violates the Constitution, the agent's victim may recover damages against the agent") (quoting *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971)). Even so, "*Bivens* claims against the United States and federal agencies are barred by sovereign immunity." *Hindman v. Doe*, No. 222CV02466, 2024 WL 759967, at *3 (W.D. Tenn. Feb. 23, 2024) (citation omitted), *appeal docketed*, No. 24-5311 (6th Cir. Apr. 4, 2024).

With respect to Plaintiff's requests pertaining to the VA, he states that "in 1988, the [VA] classified [him] as a mentally disabled veteran" but that this "'label' may not be applicable in the present[-]day context" [Doc. 2 p. 5]. He requests that "all information about [him] in the [VA's] database please be deleted, if that is possible" and that the "'label'" be removed [*Id*. at 29].

This is not the first time Plaintiff has sought such relief with a court. One court construed Plaintiff's request as one under the Privacy Act, 5 U.S.C. § 552a, given that the VA raised the possibility that Plaintiff may be attempting to assert such a claim. *Hutton v. U.S. Dep't of Veterans Affs.*, No. 1:12CV190, 2013 WL 1331191, at *2 (M.D.N.C. Mar. 29, 2013), *report and recommendation adopted*, No. 1:12CV190 [Doc. 26] (M.D.N.C. May 22, 2013). Plaintiff does not reference the Privacy Act in his Complaint [*See* Doc. 2]. To the extent he seeks relief under the Privacy Act, the undersigned recommends this claim be dismissed as "the Privacy Act does not allow a court to alter records that accurately reflect an administrative decision, or the opinions behind that administrative decision." *Id*. (citing *Reinbold v. Evers*, 187 F.3d 348, 361 (4th Cir. 1999)). As the court in *Hutton* further explained:

> In this case, Plaintiff seeks to alter records that, under the facts alleged, accurately reflect the administrative decisions made years ago. Because Plaintiff concedes in his Complaint that he was at one time a disabled veteran, there is no plausible basis for believing that the information that he seeks to have removed from his VA record, specifically, the "label" of being a disabled veteran in the past, constitutes false or inaccurate information. Therefore, even if this Privacy Act claim were properly before the Court, it would be subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted, based on the facts as alleged in the Complaint.

*Id*.[7] For the same reasons, the undersigned recommends dismissing this claim.

---

[7] The court in *Hutton* also dismissed Plaintiff's Privacy Act claim because he did not exhaust his administrative remedies. *Hutton*, 2013 WL 1331191, at *2. It is not clear whether Plaintiff has exhausted his administrative remedies, but the undersigned notes that he does not "seek[] judicial

C.  **Amending the Complaint**

The undersigned has considered whether to allow Plaintiff to amend his Complaint but declines to do so because his claims fail as a matter of law. In addition, Plaintiff has filed numerous, similar actions in the Middle District to North Carolina, all of which have been dismissed. Most recently, the court summarized the actions taken on his complaints:

> This is the thirteenth complaint filed by Plaintiff based on the same or similar allegations. The previous actions were *Hutton v. U.S. Dep't of Veterans Affairs*, No. 1:12CV190 (M.D.N.C. May 22, 2013) (judgment entered dismissing without prejudice); No. 1:16CV1416 (M.D.N.C. Feb. 2, 2017) (judgment entered dismissing for failure to state a claim upon which relief may be granted); No. 1:17CV151 (M.D.N.C. April 21, 2017) (same); No. 1:17CV796 (M.D.N.C. October 19, 2017) (same); No. 1:18CV869 (M.D.N.C. January 16, 2020) (same); No. 1:19CV1140 (M.D.N.C. January 22, 2020) (same); No. 1:20CV240 (M.D.N.C. September 28, 2020) (same); No. 1:21CV388 (M.D.N.C. December 10, 2021) (judgment entered dismissing claims under § 1983 and the Universal Declaration of Human Rights against the Department of Veterans Affairs, Plaintiff's former landlords, and local news stations, for failure to state a claim upon which relief may be granted); No. 1:21CV583 (M.D.N.C. December 10, 2021) (same); No.

---

review of an administrative determination." *Id*. Nevertheless, because it is not clear if he has done so since the last decision on his allegations and there appears to be a split of authority on whether the exhaustion of administrative remedies is a jurisdictional prerequisite, the undersigned declines to recommend dismissal on this ground. *Cf. Kinman v. United States*, No. 1:16-CV-00329, 2016 WL 7165986, at *5 (S.D. Ohio Dec. 7, 2016) ("Exhaustion of administrative remedies is not a jurisdictional requirement under the [Privacy] Act." (citation omitted)), *with Barouch v. U.S. Dep't of Just.*, 962 F. Supp. 2d 30, 67 (D.D.C. 2013) ("Indeed, failure to exhaust administrative remedies under the Privacy Act is a jurisdictional deficiency because exhaustion is required by statute." (citations omitted)). The Sixth Circuit has explained that "exhaustion of administrative remedies is jurisdictional [under the Privacy Act.]" *Williams v. Bezy*, 97 F. App'x 573, 574 (6th Cir. 2004) (citing *Taylor v. United States Treasury Dep't*, 127 F.3d 470, 474 (5th Cir. 1997)). But the case upon which the Sixth Circuit relied in making that explanation found otherwise. *See Taylor*, 127 F.3d at 475 ("Contrary to the district court's conclusion, exhaustion of administrative remedies under the Privacy Act is not a jurisdictional prerequisite."); *see also Singh v. U.S. Dep't of Homeland Sec.*, No. 1:12-CV-00498, 2013 WL 1704296, at *10 n.8 (E.D. Cal. Apr. 19, 2013) ("*Taylor* unequivocally held that the Privacy Act exhaustion requirements are ***not*** jurisdictional, and *Williams*' reliance on *Taylor* for the opposite proposition appears to be an error." (citation omitted)), *report and recommendation adopted*, No. 1:12-CV-00498, 2013 WL 2474497 (E.D. Cal. June 7, 2013).

1:22CV392 (M.D.N.C. September 19, 2022) (same); No. 1:22CV896 (November 8, 2022) (same); No. 1:23CV414 (M.D.N.C. June 2, 2023).

*Hutton*, 2023 WL 8604455, at *2. The undersigned therefore declines to grant him leave to amend.

## III.  CONCLUSION

For the reasons explained above, the undersigned **GRANTS** Plaintiff's Application to Proceed in Forma Pauperis with Supporting Documentation [**Doc. 1**][8] and **RECOMMENDS**[9] that the District Judge **DISMISS** Plaintiff's Complaint [Doc. 2].

Respectfully submitted,

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

[8]  This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[9]  Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).